AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____ on the following

☐ Trademarks or    ☐ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| PLAINTIFF | | DEFENDANT |

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PAYRANGE INC., <br><br> Plaintiff, <br><br> v. <br><br> KIOSOFT TECHNOLOGIES, LLC and TECHTREX, INC., <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> JURY TRIAL DEMANDED |

1. Founded in 2013, Plaintiff PayRange Inc. ("PayRange" or "Plaintiff") developed the original mobile payment systems for non-networked unattended retail machines based on its patented technology. PayRange's innovations were widely acclaimed and accepted by customers. Unfortunately, TechTrex, Inc. ("TechTrex") and KioSoft Technologies, LLC ("KioSoft") (collectively, "Defendants") have blatantly disregarded PayRange's patent rights by attempting to poach PayRange's customers with a copycat product and solicit new business with copycat product. PayRange seeks recovery of its damages based on lost profits, royalties and/or price erosion, as well as a permanent injunction to prevent Defendants' continued and future infringement by selling, maintaining, and supporting copycat products (e.g., mobile apps). PayRange, through their undersigned counsel, therefore, brings this action against Defendants, alleging as follows:

## NATURE OF ACTION

2. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

3. As set forth in more detail below, Defendants have been infringing PayRange's patents, namely, United States Patent No. 10,719,833 (the "'833 Patent"), and continue to do so through the present date.

4. In a related case in this District, *PayRange Inc. v. KioSoft Technologies, LLC and TechTrex, Inc.*, No. 1:20-cv-20970-RS, PayRange filed a patent infringement lawsuit against Defendants asserting infringement of PayRange's United States Patent Nos. 9,659,296 and 9,134,994.

## THE PARTIES

5. PayRange is a Tennessee corporation with its principal place of business at 9600 NE Cascades Pkwy, Suite 280, Portland, OR 97220.

6. TechTrex is a Canadian corporation with its principal place of business at 3610 Nashua Drive, Suite 5, Mississauga, Ontario L4V1L2, Canada.

7. KioSoft is a Florida limited liability company with its principal place of business at 3600 S. Congress Avenue, Suite O, Boynton Beach, FL 33426. Upon information and belief, KioSoft is a wholly owned subsidiary of TechTrex.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants because, upon information and belief, each Defendant conducts business in this District, and KioSoft distributes products within this State. TechTrex has directed and controlled such conduct.  Defendants have further purposefully availed themselves of the opportunity to conduct commercial activities in this forum and have committed acts of patent infringement in this District as alleged in this Complaint.

10. This Court also has personal jurisdiction over KioSoft because, upon information and belief, KioSoft has a principal place of business in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because, upon information and belief, this is a judicial district where KioSoft has committed acts of patent infringement as alleged in this Complaint, and this is a judicial district where KioSoft has a regular and established place of business.  Further, Kiosoft is incorporated in this state with its principal place of business in this District.

12. Venue is proper in this District against TechTrex pursuant to 28 U.S.C. § 1391(c)(3), because the entity is foreign and therefore may be sued in any judicial district.

13. Defendants, upon information and belief, have used, sold, imported and/or offered for sale products, including at least the "CleanPay Mobile" and "CleanReader Solutions" products, that infringe the '833 Patent in this District.

14. Defendants disputed neither jurisdiction nor venue in *PayRange Inc. v. KioSoft Technologies, LLC and TechTrex, Inc.*, No. 1:20-cv-20970-RS, thereby waiving such arguments in this action.

## BACKGROUND

### A.  PayRange's Products and Intellectual Property

15. Founded in 2013, PayRange is a technology company offering innovative mobile payment solutions for various self-help retail industries.

16. PayRange's innovative technology allows customers to pay by phone when using self-help retail machines. For example, while a traditional laundry machine requires customers to insert coins to use the machine, PayRange offers smart solutions to enable customers to make a cashless purchase using apps on their cell phones.

17. PayRange provides quick and inexpensive solutions to vendors (called "operators" in the industry). Operators only need to install a small device manufactured by PayRange on their existing machines or kiosks. The PayRange device communicates wirelessly with the customer's cell phone running the app to complete the transaction. For example, PayRange's BluKey mobile payment device is designed to work with laundry machines and other types of machines that accept payments and allows consumers to conveniently use a mobile app to pay in seconds any coin operated machine or in-person merchant accepting payment via PayRange's technology. The BluKey laundry products are among PayRange's most sought after and sold products.

18. To protect its unique and innovative technologies and intellectual property rights, PayRange filed for patents.

19.     On July 21, 2020, the United States Patent and Trademark Office ("USPTO") issued the '833 Patent, titled "Method and System For Performing Mobile Device-To-Machine Payments." A true and correct copy of the '833 Patent is attached hereto as **Exhibit 1**.

**B.    Defendants' Infringing Products**

20.     Defendants directly compete with PayRange.  In particular, Defendants offer a so-called "single-source" solution, i.e., they manufacture and sell the payment-collecting kiosks or terminals in which the mobile payment functionalities are built-in.  For example, Defendants' laundry solution includes its CleanPayMobile cell phone app, its CleanPay Kiosks, and/or its CleanReader Solutions terminals.

21.     On or about February 12, 2019, senior executives of PayRange and Defendants had business meetings in Portland, Oregon, during which the parties discussed a potential business and licensing relationship.  On information and belief, Defendants have had knowledge of PayRange and PayRange's products embodying the inventions claimed in the '833 Patent since at least February 12, 2019.

22.     Upon information and belief, by making and selling kiosks with built-in mobile payment functionalities, Defendants directly or indirectly infringe the '833 Patent.

23.     As a result of Defendants' infringement of the '833 Patent, PayRange has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, together with interest and costs as fixed by the Court.

24.     Defendants' infringement has been and is willful and, pursuant to 35 U.S.C. § 284, PayRange is entitled to treble damages.  Defendants' willful infringement is based at least on its knowledge of PayRange, its products, and the '833 Patent since at least September 10, 2020, when PayRange's counsel notified Defendants' counsel of its intent to assert the '833 Patent against Defendants. Defendants' counsel did not provide any non-infringement and/or invalidity defenses in response.  Defendants have either willfully and wantonly infringed the '833 Patent or have recklessly avoided knowledge of their own infringement.

## COUNT I
## INFRINGEMENT OF THE '833 PATENT

25. Plaintiff realleges and incorporates the allegations of the preceding paragraphs of this complaint as if fully set forth herein.

26. PayRange is the assignee and owner of all right, title, and interest in and to the '833 Patent. PayRange has the exclusive right to make, use, sell, and offer to sell any product embodying the '833 Patent throughout the United States, and to import any product embodying the '833 Patent into the United States.

27. The '833 Patent is an invention of systems and methods for identifying an automatic retail machine at a mobile device and requesting authorization from a server to complete a cashless transaction with the automatic retail machine.

28. Upon information and belief, Defendants have been and are now infringing at least claim 1 of the '833 Patent in this State, in this District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale products with built-in mobile payment functionalities, covered by one or more claims of the '833 Patent to the injury of PayRange. Defendants are directly infringing, literally infringing, and/or infringing the '833 Patent under the doctrine of equivalents. Defendants are thus liable for infringement of the '833 Patent pursuant to 35 U.S.C. § 271(a).

29. When placed into operation by Defendants or users of Defendants' Infringing Products, the Infringing Products claim 1 of the '833 Patent as they perform a method of payment processing prior to user selection of any items or services provided by an automatic retail machine. Such method comprises: at a mobile device with one or more processors, memory, and a communications unit (e.g., an iPhone): identifying the automatic retail machine based at least in part on a transmission received from an electronic payment device of the automatic retail machine, e.g., by the CSCPayMobile app powered by Defendants; in response to identifying the automatic retail machine, obtaining, from the electronic payment device, a request, via the communications unit of the mobile device, to preemptively obtain authorization to make funds available for a

-5-

cashless transaction with the automatic retail machine; sending, to a server, the request via the communications unit of the mobile device; in response to sending the request to the server, obtaining from the server an authorization grant of an amount of funds for use in conjunction with the cashless transaction with the automatic retail machine; detecting, by an application executing on the mobile device (e.g., by the CSCPayMobile app powered by Defendants), a trigger condition to perform the cashless transaction with the automatic retail machine; and in response to detecting the trigger condition, sending to the electronic payment device the authorization grant to enable completion of the cashless transaction at the automatic retail machine.

30. Upon information and belief, Defendants will continue to directly infringe the '833 Patent unless enjoined.

31. To the extent Defendants' Infringing Products, without more, do not directly infringe at least claim 1 of the '833 Patent, Defendants contribute to infringement of the same under 35 U.S.C. § 271(c) inasmuch as the Infringing Products offered for sale and sold by Defendants are each a component of a patented machine or an apparatus used in practicing a patented process, constituting a material part of PayRange's invention, knowing the same to be especially made or especially adapted for use in infringement of the '833 Patent.

32. For example, upon information and belief, the core software module of Defendants' CleanPayMobile app, which directly infringes the '833 Patent, is being provided by Defendants' to other service providers to incorporate into their own apps, such as CSCPayMobile app or Wash Connect app.

33. Upon information and belief, Defendants will continue to contribute to infringement of the '833 Patent unless enjoined.

34. Defendants actively encourage their business partners and/or customers to use Defendants' Infringing Products or their equivalents in an infringing manner. Defendants and Plaintiff had a business meeting in early 2019 where aspects of the now-patented technology was discussed. Moreover, Defendants have known about the '833 Patent's issuance since at least September 10, 2020. Despite such knowledge, Defendants have actively induced its business

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

partners and/or customers to use Defendants' products in a way that now constitutes infringement. Defendants have encouraged this infringement with a specific intent to cause its business partners and customers to infringe. Defendants' acts thus constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

35. Upon information and belief, Defendants will continue to induce infringement of the '833 Patent unless enjoined.

36. Defendants' direct infringement, contributory infringement, and inducement of infringement have irreparably harmed PayRange.

37. Pursuant to 35 U.S.C. § 284, PayRange is entitled to damages adequate to compensate for the infringement.

38. Defendants' infringement has been and is willful and, pursuant to 35 U.S.C. § 284, PayRange is entitled to treble damages. Defendants' willful infringement is based at least on Defendants' knowledge of PayRange, its products, and its patents. Defendants' conduct is egregious as it continued offering, selling, making and using the Infringing Products despite knowledge of the infringement. Defendants have either willfully and wantonly infringed the '833 Patent or have recklessly avoided knowledge of its own infringement, even when faced with knowledge of PayRange's own products and patents.

39. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and PayRange is entitled to an award of attorneys' fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court find in its favor and against Defendants, and that the Court grant PayRange the following relief:

a. Judgment that Defendants infringe the '833 Patent;

b. Judgment that Defendants are jointly and severally liable for infringement of the Patents-in-Suit.

c. That PayRange be granted with injunctive relief against Defendants and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

    them, to prevent the recurrence of the infringing activities complained of herein, including removing all infringing mobile apps from all third party app stores such as the Google Play Store and Apple App Store, and for all further proper injunctive relief pursuant to 35 U.S.C. § 283;

d. Judgment that Defendants account for and pay to PayRange all damages and costs incurred by PayRange, caused by Defendants' infringing activities complained of herein;

e. Judgment that Defendants have willfully infringed the '833 Patent and increase the damages award to PayRange up to three times the amount assessed, pursuant to 35 U.S.C. § 284;

f. That PayRange be granted pre-judgment and post-judgment interest on the damages;

g. That this Court declare this an exceptional case and award PayRange reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

h. That PayRange be granted such other and further relief as the Court may deem just and proper under the circumstances.

-9-

Dated:  October 21, 2020            Respectfully submitted,

By: */s/ Joseph R. Englander*
    Joseph R. Englander

Joseph R. Englander
FOWLER WHITE BURNETT
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131
Telephone:  (305) 789-9200
Facsimile:  (305) 728-7559
Email:   JEnglander@fowler-white.com

James C. Yoon (PHV pending)
Ryan R. Smith (PHV pending)
Jamie Y. Otto (PHV pending)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email:   jyoon@wsgr.com, rsmith@wsgr.com,
    jotto@wsgr.com

***ATTORNEYS FOR PLAINTIFF
PAYRANGE INC.***