United States District Court
for the
Southern District of Florida

| | |
|---|---|
| PayRange, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-24342-Civ-Scola |
| | ) |
| Kiosoft Technologies, LLC, and | ) |
| Techtrex, Inc., Defendants. | ) |

## Scheduling Order and Order of Referral to Mediation

On October 26, 2021, this Court issued an Order requiring the parties to schedule and conduct a discovery and planning conference, and to file with the Court a joint discovery plan and conference report by April 6, 2021. To date, the parties have not filed the required report, nor have they moved to extend this Court imposed deadline. In other words, the parties have ignored the Court's Order. In light of this violation, and in order to resolve this case justly, economically, and efficiently, this matter is being scheduled on a case track calculated as if the scheduling report had been timely filed. The parties are forewarned that future violations of this Court's orders may result in sanctions, up to and including dismissal. Fed. R. Civ. P. 16(f). The parties are ordered to file their joint discovery plan and report, without a proposed schedule, by [**date**].

This matter is set for trial during the two-week trial period beginning on **August 15, 2022** Calendar call will be held at 9:00 a.m. on the preceding Tuesday **August 9, 2022** at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue, Courtroom 12-3, Miami, Florida. A pretrial conference will be held immediately following calendar call only if requested by the parties in advance.

1. The parties must comply with the following schedule:

| | |
|---|---|
| May 4, 2021 | Deadline for a party claiming patent infringement to serve Disclosure of Asserted Claims and Infringement Contentions and make accompanying document production. |
| May 10, 2021 | Deadline to join additional parties or to amend pleadings. |
| June 1, 2021 | Deadline for a party opposing a claim of patent infringement or asserting invalidity or unenforceability to serve Non-Infringement, Unenforceability, and Invalidity |

|  | Contentions and make accompanying document production. |
|---|---|
| June 15, 2021 | Deadline to Exchange Proposed Terms for Construction.<br><br>Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of dispositive motions or final disposition or both. |
| August 1, 2021 | Deadline to Exchange of Preliminary Claim Constructions and Extrinsic Evidence. |
| September 10, 2021 | Deadline to file joint interim status report. |
| September 20, 2021 | Deadline to File Joint Claim Construction and Prehearing Statement. |
| October 10, 2021 | Deadline to complete claim construction discovery.<br><br>Deadline to file a motion to stay the lawsuit pending reexamination in the U.S. Patent Office.<br><br>Deadline to file proposed order scheduling mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the order of referral to mediation. |
| October 24, 2021 | Deadline for any party claiming patent infringement to file opening claim construction brief (simultaneous opening briefs are not permitted) and deadline to file opening brief asserting claims for invalidity and unenforceability. Response and reply deadlines will proceed as provided for in the Local Rules. |
| January 8, 2022 | Deadline to provide information regarding advice of counsel. (If the Court has not yet ruled on claim construction the parties should file a motion to extend this date.) |
| February 7, 2022 | Deadline to complete fact discovery.<br><br>Deadline to disclose the identity of expert witnesses, and to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(C)(ii). |

| | |
|---|---|
| February 17, 2022 | Deadline to complete mediation. |
| March 24, 2022 | Deadline to complete all expert discovery. |
| April 3, 2022 | Deadline for the filing of all dispositive motions and *Daubert* motions. |
| June 11, 2022 | Deadline for the filing of pretrial motions, including motions in limine. |
| July 15, 2022 | Deadline to file joint pretrial stipulation under Local Rule 16.1(e) and pretrial disclosures as required by Federal Rule of Civil Procedure 26(a)(3). |
| July 29, 2022 | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) consistent with Local Rule 16.1(k). |

2. Interim Joint Status Report. The parties are required to submit an interim joint status report addressing the following issues:

   a) Have all defendants been served? If not, state the reasons.

   b) Have all defendants responded to the complaint? If not, state the reasons.

   c) If this is a class action, has a motion for class certification been filed? If so, what is its status?

   d) Have the parties agreed on and selected a mediator? Have the parties agreed upon a place, date, and time for mediation?

   e) Have the parties engaged in informal settlement negotiations? If not, explain the reasons for the failure to do so. If yes, state the status of such negotiations (*e.g.*, ongoing, impasse, etc.) and the relative prospects for resolution through informal means.

   f) Describe the status of discovery conducted to date, and identify whether the parties reasonably believe that they will be able to complete discovery by the Court's deadline. If not, explain the reasons.

   g) Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.

3. References to documents in summary-judgment motions. When a party files a motion for summary judgment, the party must include the ECF number of any exhibits or other documents referred to in the motion or the

accompanying statement of material facts (required by Local Rule 56.1). This means that if a document is not already on the record, a party will need to submit a *Notice of Filing* **before** he or she files the summary-judgment motion and the statement of material facts.

    4.  <u>Limit on motions in limine & *Daubert* motions</u>. Each party is limited to filing one motion in limine and one *Daubert* motion. If a party cannot address his or her evidentiary issues or expert challenges in a 20-page motion, leave to exceed the page limitation will be granted upon a showing of good cause. The parties are reminded that motions in limine and *Daubert* motions must contain the Local Rule 7.1(a)(3) pre-filing conference and certification.

    5.  <u>Jury Instructions</u>. The parties must submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Where both parties agree on a proposed instruction, that instruction must be set out in regular typeface. Instructions proposed only by a plaintiff must be underlined. Instructions proposed only by a defendant must be bold-faced. Every instruction must be supported by a citation of authority. The parties should use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel, or the applicable state pattern jury instructions. The parties must jointly file their proposed jury instructions via CM/ECF, and must also submit their proposed jury instructions to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

    6.  <u>Trial Exhibits</u>. All trial exhibits must be pre-marked. Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix. Defendant's exhibits must be marked alphabetically with the letter "D" as a prefix. A list setting out all exhibits must be submitted at the time of trial. This list must indicate the pre-marked identification label (*e.g.*, P-1, or D-A) and must also include a brief description of the exhibit.

    7.  <u>Deposition Designations</u>. Any party intending to use deposition testimony as substantive evidence must designate by line and page reference those portions in writing. The designations must be served on opposing counsel and filed with the Court 14 days before the deadline to file the joint pretrial stipulation. The adverse party must serve and file any objections and any cross-designations within seven days. The initial party then has seven days to serve and file objections to the cross-designations.

    8.  <u>Voir Dire Questions</u>. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be

filed with the Court at the time of the filing of the joint pretrial stipulation, and must also be submitted to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

9. <u>Notification of juror misconduct</u>. Every party has an affirmative duty to notify the Court **immediately** of any possible juror misconduct or any information that might possibly reflect on a juror's ability to serve. Immediate notification is required to allow the Court the opportunity to address the issue, including questioning the juror and, if necessary, discharging the juror and seating an alternate juror. In any trial lasting more than five days, the Court imposes an affirmative duty on both sides to conduct all reasonable investigations of juror misconduct, including statements provided during voir dire, and to advise the Court immediately of any discovered misconduct. Any party who fails to conduct a reasonable investigation in this situation and later discovers an incidence of juror misconduct has waived his, her, or its right to rely on that misconduct in a motion before this Court.

10. <u>Settlement Conference Before Magistrate Judge</u>. The parties may, at any time, file a motion requesting a settlement conference before Magistrate Judge Edwin G. Torres. The Court encourages the parties to consider a confidential settlement conference with Judge Torres, especially if the parties believe there is a meaningful chance of reaching an early, amicable resolution of their dispute.

11. <u>Settlement Notification</u>. If this matter is settled, counsel are directed to inform the Court promptly via telephone (305-523-5140) and/or e-mail (scola@flsd.uscourts.gov).

**Done and ordered** at Miami, Florida, on April 13, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

***[Order of Referral to Mediation on following page]***

United States District Court
for the
Southern District of Florida

| | |
|---|---|
| PayRange, Inc., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-24342-Civ-Scola |
| Kiosoft Technologies, LLC, and | ) |
| Techtrex, Inc., Defendants. | ) |

### Order of Referral to Mediation

Trial having been set in this matter, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, it is **ordered and adjudged** as follows:

1. All parties are required to participate in mediation. The parties must conduct their mediation no later than the deadline set out in the Court's Scheduling Order.

2. The Court designates Plaintiff's counsel as *lead counsel* for purposes of this mediation order. Upon written agreement by all counsel of record and any unrepresented parties, the parties may designate a different attorney to be *lead counsel* for purposes of this mediation order. Lead counsel is responsible for scheduling the mediation conference.

3. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of the Court, but may select any other mediator. The parties must agree upon a mediator within 60 days from the date of this Order. If there is no agreement, lead counsel must promptly notify the Clerk of the Court in writing and the Clerk of the Court will designate a mediator from the List of Certified Mediators. That designation will be made on a blind rotation basis.

4. A place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties must be established no later than the deadline in the Scheduling Order. Lead counsel must complete the attached form *Order Scheduling Mediation* and submit it to the Court. **The parties must agree on a place, date, and time for mediation and lead counsel must submit the proposed order scheduling mediation, no later than the deadline set forth in the Scheduling Order.**

5. Pursuant to Local Rule 16.2(e), the appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, must attend.

6. All proceedings of the mediation will be confidential and privileged.

7. At least fourteen days prior to the mediation date, each party must present to the mediator a confidential brief written summary of the case identifying issues to be resolved. The mediator is authorized to grant extensions of time up to the mediation for the parties to file their mediation statements.

8. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements in this Order, or who otherwise violate the terms of this Order. The mediator must report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

9. The mediator must be compensated in accordance with the standing order of the Court entered pursuant to Local Rule 16.2(b)(6), or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The cost of mediation must be shared equally by the parties unless otherwise ordered by the Court. All payments must be remitted to the mediator within forty-five days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at least three full business days in advance. Failure to do so will result in imposition of a fee for two hours of mediation.

10. If a full or partial settlement is reached in this case, counsel must promptly notify the Court of the settlement in accordance with Local Rule 16.2(f), by the filing of a notice of settlement signed by counsel of record within fourteen days of the mediation conference. Thereafter the parties must promptly submit an appropriate pleading concluding the case.

11. Within seven days following the mediation conference, the mediator must file a Mediation Report indicating whether all required parties were present. The report must also indicate whether the case settled (in full or in part), was adjourned, or whether the mediator declared an impasse. **If the mediator fails to file a Mediation Report within seven days following the mediation conference, lead counsel must file a Mediation Report within 14 days after the mediation conference.**

12. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

**Done and ordered** at Miami, Florida on April 13, 2021.

Robert N. Scola, Jr.
United States District Judge

**Attachment "A" to the Order Of Referral To Mediation:
Form Order Scheduling Mediation**

United States District Court
for the
Southern District of Florida

_____, Plaintiff    )
                                              )
v.                                            )   Civil Action No. _____-Civ-Scola
                                              )
_____, Defendant  )

**Order Scheduling Mediation**

The parties will hold the mediation conference in this matter before (mediator) on (date) at (time) at (location). The mediator and the parties have agreed to this date. The parties may not reschedule the mediation without leave of the Court.

**Done and ordered** in chambers, at Miami, Florida, on _____.

_____
Robert N. Scola, Jr.
United States District Judge