UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 20-24342-Civ-Scola

| | |
|---|---|
| PAYRANGE, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| KIOSOFT TECHNOLOGIES, LLC and TECHTREX, INC., | ) ) ) |
| Defendants. | ) ) |

**JOINT DISCOVERY PLAN AND CONFERENCE REPORT**

Plaintiff PayRange, Inc. ("Plaintiff" or "PayRange") and Defendants KioSoft Technologies, LLC ("KioSoft") and TechTrex, Inc. ("TechTrex") (collectively, "Defendants") and (together with Plaintiff, "the Parties"), submit their Joint Discovery Plan and Conference Report pursuant to Southern District of Florida Local Rule 16.1(b), Federal Rule of Civil Procedure 26(f)(3), and the Court's Orders dated October 22, 2020 (ECF No. 4) and April 16, 2021 (ECF No. 30):

**Case Background**

Plaintiff brings this action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Specifically, Plaintiff alleges that Defendants have infringed and continue to infringe on three of Plaintiff's patents, Patent Nos. 10,719,833; 10,891,608; and 10,891,614 (the "'833 Patent," "'608 Patent," and "'614 Patent" respectively or, collectively the "Patents-in-Suit"). Plaintiff seeks injunctive relief and monetary damages.

As set forth in Defendants' Unopposed Motion for Reconsideration of Defendants' Motion for Leave to File a Response to Plaintiff's Amended Complaint and Incorporated Memorandum of Law, Defendants have requested that the Court deem the Motion to Dismiss the '833 Patent (which Motion to Dismiss alleges that the '833 Patent is invalid under 35 U.S.C. § 101) to have been filed in response to the Amended Complaint and permit Defendants to file a second responsive pleading addressing other claims made in the Amended Complaint. In the alternative, Defendants have requested that the Court waive the 20-page limitation on brief length so that Defendants may respond adequately to the claims made in the Amended Complaint.

On March 3, 2020, Plaintiff brought a patent infringement matter (Case No. 1:20-cv-20970-RS) against Defendants which involves different patents than those asserted here as well as various counterclaims asserted by Defendants ("PayRange I"). In this co-pending case, the Parties have completed fact discovery. The Parties are awaiting a claim construction order from the Court. Trial is set for the period beginning October 25, 2021.

## Local Rule 16.1 Conference Report Issues

**A.     Likelihood of Settlement.**  The Parties had a mediation in PayRange I, which did not resolve the dispute. The Parties do not believe that settlement is likely in view of the prior mediation.

**B.     Likelihood of Appearance in Action of Additional Parties.**  At this time, the Parties do not anticipate the addition of additional parties but reserve the right to do so depending on facts learned in discovery.

**C.     Proposed Time Limits and Discovery Schedule.**  The Parties do not propose any modification to the Court's patent case track as set forth in the Court's Order dated April 16, 2021 (ECF No. 30).

      **D.**      **Proposals for the Formulation and Simplification of Issues, Etc.**  The Parties shall endeavor to simplify the issues throughout this action and via discovery and the filing of Motions for Summary Judgment, which will not only serve to assist in the formulation and simplification of issues but may also eliminate certain claims and/or defenses. Additionally, although the overlap in issues between the cases is minimal, the Parties agree that documents and deposition testimony propounded in PayRange I may be used in this case.

      **E.**      **Necessity or Desirability of Amendment to the Pleadings.**  Defendants have moved to dismiss the original Complaint as to the '833 patent.  Defendants have been granted leave to respond to the Amended Complaint.  Plaintiff has sought leave to submit a Second Amended Complaint to the extent that the Court grants Defendants' motion to dismiss the '833 patent.

      **F.**      **Possibility of Obtaining Admissions, Electronic Discovery, Etc.**  The Parties reasonably anticipate that they will be able to stipulate to admissions of fact and to the authenticity of most, if not all, documents after discovery is closed.  The Parties anticipate using some discovery materials from PayRange I.

      **G.**      **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence.**  The Parties propose meeting in advance of trial during the Local Rule 16.1(d) conference to stipulate to the authenticity of documents, to the extent possible, to stipulate to as many facts as possible, and to develop an efficient procedure for the presentation of evidence.  This should assist in eliminating the presentation of unnecessary proof and cumulative evidence at trial.

      **H.**      **Advisability of Referring Matters to a Magistrate Judge.**  At this time, the Parties consent to refer pretrial discovery matters to the Magistrate Judge if the Court so desires.

**I.    Preliminary Estimate of the Time Required for Trial.**  The Parties' preliminary estimate of time for trial is five to ten days.

**J.    Requested Trial and Pretrial Dates.**  The Parties do not propose any modification to the Court's patent case track as set forth in the Court's Order dated October 22, 2020 (ECF No. 4).

**K.    Other Information Helpful to the Court in Setting the Case for Status or Pretrial Conference.**  The Parties do not believe that any other information would be helpful to the Court at this time.

### Federal Rule of Civil Procedure Section 26(f)(3) Discovery Plan

**A.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**  The Parties propose exchanging initial disclosures within 14 days of Defendants' answer and counterclaims, if any.  Defendants also propose that the Court suspend the current Scheduling Order until after resolving the motion(s) to dismiss. Plaintiff disagrees, since the motion to dismiss is unlikely to simply any issues in this case and there is ample time already built into the schedule.

**B.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to particular issues.**  The Parties anticipate conducting discovery appropriate to the Federal Rules, the Local Rules, and the Court's orders concerning the Parties' claims and defenses.  Defendants propose that the Parties submit a revised proposed Scheduling Order following the Court's ruling on the motion(s) to dismiss.

**C.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.** The Parties anticipate entering into a stipulation regarding electronically stored information. The Parties also anticipate entering into a stipulation concerning remote deposition procedures.

**D.     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.** The Parties anticipate that a protective order will be needed and are conferring regarding an appropriate protective order, which the Parties anticipate will be submitted by stipulation.

**E.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.** The Parties agree to the following:

- Any document or discovery response produced by the Parties in PayRange I shall be deemed produced in this action upon entry of a stipulated protective order.
- The Parties do not anticipate any change to the limits set forth in Fed. R. Civ. P. 33 with regard to interrogatories.
- While the Parties may refer to any deposition of a fact witness taken in PayRange I, subject to entry of a stipulated protective order, the existence of those depositions shall not serve to limit the parameters set forth in Fed. R. Civ. P. 30 as they apply to the claims made in this case.
- The deposition of an expert who has submitted a report in this action shall not count toward the limit of 10 depositions per side.

At this time, the Parties do not propose any other modifications to the limitations on discovery imposed under the rules and do not propose any additional limitations.

**F.     Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**  As stated above, the Parties will submit a proposed protective order and a proposed order governing remote depositions for the Court's approval.  The Parties do not anticipate the need for any further orders under Rule 26(c) or Rule 16(b) and (c).

Dated: April 21, 2021                    Respectfully submitted,

*APPROVED:*

| | |
|---|---|
| /s/ Joseph R. Englander | /s/ John A. Camp |
| Joseph R. Englander | John A. Camp |
| FOWLER WHITE BURNETT | Florida Bar Number 848115 |
| 1395 Brickell Avenue, 14th Floor | Ice Miller LLP |
| Miami, Florida 33131 | 7300 Biscayne Boulevard, Suite 200 |
| Telephone: (305) 789-9259 | Miami, Florida 33138 |
| Facsimile: (305) 728-7559 | Phone: 305-341-9055 |
| Email: jenglander@fowler-white.com | John.Camp@icemiller.com |
| | |
| James C. Yoon (PHV) | Holiday W. Banta, *pro hac vice* |
| Ryan R. Smith (PHV) | Ice Miller LLP |
| Jamie Y. Otto (PHV) | One American Square, Suite 2900 |
| WILSON SONSINI GOODRICH & ROSATI Professional Corporation | Indianapolis, IN 46282 |
| 650 Page Mill Road | Phone: 317-236-5882 |
| Palo Alto, CA 94304-1050 | Facsimile: 317-592-4226 |
| Telephone: (650) 493-9300 | H.Banta@icemiller.com |
| Facsimile: (650) 565-5100 | |
| Email: jyoon@wsgr.com, rsmith@wsgr.com, jotto@wsgr.com | Christian H. Robertson, II, *pro hac vice* |
| | Ice Miller LLP |
| | 20 F St NW, Suite 850 |
| *Counsel for Plaintiff PayRange Inc.* | Washington, DC 20001 |
| | Phone: 202-807-4021 |
| | Facsimile: 202-807-4022 |
| | Christian.Robertson@icemiller.com |
| | |
| | *Counsel for Defendants KioSoft Technologies, LLC and TechTrex, Inc.* |