United States District Court
for the
Southern District of Florida

PayRange, Inc., Plaintiff,       )
                                 )
v.                               )
                                 )  Civil Action No. 20-24342-Civ-Scola
                                 )
Kiosoft Technologies, LLC, and   )
Techtrex, Inc., Defendants.      )

## Order Denying Partial Motion to Dismiss

This cause comes before the Court upon Defendants Kiosoft Technologies, LLC and Techtrex, Inc.'s partial motion to dismiss counts one and three of Plaintiff PayRange, Inc.'s amended complaint. (Mot., ECF No. 38.)[1] The Plaintiff responded in opposition (Resp. in Opp'n, ECF No. 43), and the Defendants filed a reply. (Reply, ECF No. 46.) After careful consideration of the parties' arguments, the record, and the relevant legal authorities, the Court finds that the motion to dismiss is premature and raises issues that should be decided with the benefit of the parties' claim construction briefing. Accordingly, the motion is **denied. (Mot., ECF No. 38.)**

### 1. Background

The Plaintiff filed this action against the Defendants for the infringement of three of its patents: Patent Nos. 10,719,833 ("833 Patent"), 10,891,608 ("608 Patent"), and 10,891,614 ("614 Patent") (collectively the "Patents"). (Am. Compl., ECF No. 17 at ¶ 3.)

The Plaintiff is a Tennessee corporation with its principal place of business located in Portland, Oregon. (*Id.* at ¶ 5.) The Plaintiff is a technology company in the business of offering payment solutions for various "self-help" retail industries. (*Id.* at ¶ 15.) Specifically, the Plaintiff's technology makes it possible for users of communal or commercial laundry machines to pay for services through an application on their cellular phones instead of paying with coins. (*Id.* at ¶ 16.) Operators, or the owners of the laundry machine, only need to install a small device manufactured by the Plaintiff on their existing machines or kiosks. (*Id.* at ¶ 17.) This technology is called the "BluKey mobile payment device." (*Id.*)

Defendant TechTrex is a Canadian corporation with its principal place of business in Ontario, Canada. (*Id.* at ¶ 6.) Defendant Kiosoft is a Florida limited

---

[1] The Defendants filed a memorandum of law in support of their motion. (ECF No. 39.)

liability company with its principal place of business in Boynton Beach, Florida. (*Id.* at ¶ 7.) The Defendants directly compete with the Plaintiff offering a "single-source [payment] solution," and "they manufacture and sell the payment-collecting kiosks or terminals in which the mobile payment functionalities are built-in." (*Id.* at ¶ 22.) On February 12, 2019, the Plaintiff and the Defendants met in Portland to discuss a potential business and licensing relationship. (*Id.* at ¶ 23.) The parties did not enter into a licensing agreement. After the meeting, the Defendants continued making and selling kiosks with built-in mobile payment functionalities. (*Id.* at ¶ 24.)

To protect its technologies, the Plaintiff filed for three patents with the United States Patent and Trademark Office ("USPTO"). (*Id.* at ¶ 18.) On July 21, 2020, the USPTO issued the 833 Patent, titled "Method and System for Performing Mobile Device-To-Machine-Payments." (*Id.* at ¶ 19.) On January 12, 2021, the USPTO issued the 608 Patent titled "Method and System for an Offline-Payment Operated Machine to Accept Electronic Payments." (*Id.* at ¶ 20.) That same day, the USPTO issued the 614 Patent, titled "Method and System for Presenting Representations of Payment Accepting Unit Events." (*Id.* at ¶ 21.) The Defendants' continued manufacturing of payment-collecting kiosks directly infringe on the Plaintiff's patents.

The Plaintiff initiated this action on October 21, 2020 and has since amended its complaint. The operative complaint alleges three counts of patent infringement in violation of 35 U.S.C. § 271. (*See generally* Am. Compl., ECF No. 17.) The Defendants jointly move to dismiss counts one and three of the complaint which allege infringement of the 614 and 833 Patents. (*See generally* Mot., ECF No. 39.) They argue that the Plaintiff has failed to state a claim of infringement as to either patent because both patents are directed to unpatentable subjects under 35 U.S.C. § 101. (*Id.* at 1.) In opposition, the Plaintiff argues that the motion is premature and requires further development of the record. (Resp. in Opp'n, ECF No. 43 at 3.) Alternatively, the Plaintiff contends that both patents are directed at patentable subjects. Because the Court agrees that the motion to dismiss is premature, it will not consider the merits of the patent infringement claims.

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does

not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### 3. Analysis

In a patent case, a determination of infringement (or non-infringement) requires a two-step analysis. *Spanakos v. Aronson*, No. 17-80965-CV, 2018 WL 2392011, at *5 (S.D. Fla. Apr. 3, 2018) (Middlebrooks, J.) (citing *Advanced Cardiovascular Sys. v. Scimed Life Sys.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001)). The court must first determine the scope and meaning of the patent claims asserted. The second step is to compare the construed claims to the allegedly infringing device or process. *See Apex Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1370 (Fed. Cir. 2003). Generally, a motion to dismiss is not the proper vehicle to raise claim construction arguments. *Spanakos*, 2018 WL 2392011 at *5; *see also DOK Sol. LLC v. FKA Distrib. Co.*, No. 8:14-CV-1910-T-30TBM, 2015 WL 1606339, at *1 (M.D. Fla. Apr. 8, 2015) (Moody, J.) ("When, as here, the parties dispute the meaning of a term, claim construction is necessary to determine the term's meaning."). Dismissal may be appropriate when claim construction is not necessary to the two-step analysis, in other words, when there are no disputed terms contained within the claims relevant to the issue of invalidity. *Digitech Info. Sys., Inc. v. BMW Fin. Servs. NA, LLC,* 864 F. Supp. 2d 1289, 1292 (M.D. Fla. 2012) (Antoon, J.), *aff'd sub nom. Digitech Info. Sys., Inc. v. BMW Auto Leasing, LLC,* 504 F. App'x 920 (Fed. Cir. 2013).

Here, the Defendants argue that the Plaintiff's claims of infringement of the 614 and 833 Patents fail because "they are directed to unpatentable subject matter under 35 U.S.C. § 101." (Mot., ECF No. 39 at 1.) Particularly, they argue that the patents do not contain the requisite inventive concept; rather the claims merely involve the use of a generic electronic form of payment. (Mot., ECF No. 39 at 7.) It would be premature to engage in this analysis at the motion to dismiss stage. *StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*, No. 8:13-CV-2240-T-33MAP, 2015 WL 518852, at *4 (M.D. Fla. Feb. 9, 2015) (denying motion for judgment on the pleadings in which the defendants argued that the claims lacked the inventive concept because the court had not had the benefit of claim construction briefing); *see also IMX, Inc. v. E-Loan, Inc.*, No. 09-20965-CIV, 2010 WL 11506065, at *1 (S.D. Fla. Mar. 3, 2010) (Martinez, J.) (denying motion to dismiss because it was premature to consider whether the plaintiff's infringement claims met the patentability requirements of 35 U.S.C. § 101). Moreover, this is not a scenario where claim

construction is unnecessary to the infringement analysis. Indeed, the parties appear to disagree on the construction of several terms relevant to the 614 and 833 Patents. With respect to the 833 Patent, the parties dispute whether the term "detecting, by an application executing on the mobile device, a trigger condition to perform the cashless transaction with the automatic retail machine," is indefinite, thereby rendering the patent invalid. (Mot., ECF No. 39 at 8.) The Defendants also contend that the terms "authorization zone threshold criterion," and "payment zone threshold criterion" are indefinite. (*Id.*) As to the 614 Patent, the parties disagree as to the meaning of the term "automatic retail machine." (Resp. in Opp'n at 4.) At this juncture it is improper for the Court to blindly accept either side's proposed definitions without the benefit of claim construction briefing. *DOK Sol. LLC*, 2015 WL 1606339, at *2. Moreover, after the filing of this motion, the parties requested an extension of time of certain pretrial deadlines in light of the USPTO's anticipated determination of whether it will reexamine the three patents at issue in this case. (Mot. for Extension of Time, ECF No. 60 at 2.) For these reasons, the Court finds that a determination of the validity of the 614 and 833 Patents is premature. The Defendants may renew their challenges after the Court has had the benefit of full claim construction proceedings. *DOK Sol. LLC*, 2015 WL 1606339, at *2; *see also Fuzzysharp Techs. Inc. v. 3dLabs Inc.*, 447 F. App'x 182, 186 (Fed. Cir. 2011) (remanding for § 101 analysis after claim construction was filed); *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1376 (Fed. Cir. 2017) (affirming judgment on the pleadings where the district waited until the parties filed their claim construction briefs before ruling on the defendant's judgment on the pleadings).

### 4. Conclusion

For the aforementioned reasons, the Court **denies** the Defendants' partial motion to dismiss. **(ECF No. 38.)**

**Done and ordered** at Miami, Florida, on November 18, 2021.

Robert N. Scola, Jr.
United States District Judge