UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-CV-24342-SCOLA/GOODMAN

PAYRANGE, INC.,

    Plaintiff,

v.

KIOSOFT TECHNOLOGIES, et al.,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS' RENEWED MOTION TO STAY PENDING RESOLUTION OF POST GRANT REVIEW PETITIONS BY THE PATENT AND APPEAL BOARD OF TWO OF THE THREE PATENTS AT ISSUE**

Defendants in this patent infringement lawsuit seek a stay until the Patent Trial and Appeal Board (the "PTAB") issues its decision on Post Grant Review ("PGR") Petitions for two of the three patents at issue in this case. The trial is currently scheduled to begin at the earliest *after* the PTAB final decision concerning the alleged invalidity of all of the claims of the '833 Patent and weeks *before* the PTAB decision addressing the alleged invalidity of all the claims of the '614 Patent. Plaintiff did not seek a temporary restraining order or a preliminary injunction. No depositions of parties or experts have yet occurred and no hearing on claim construction has been scheduled.

The Court will undoubtedly benefit from the PTAB's interpretation of the two patents' respective claims, and the PTAB decisions will likely narrow the issues before the Court. Therefore, using the Court's broad discretion over the management of pretrial activities and its broad authority to grant a stay, the Undersigned grants the motion.

The Undersigned will provide a more-detailed outline of the facts and the applicable law below.

**Factual & Procedural Background**

Plaintiff PayRange, Inc. filed its Complaint for Patent Infringement against Defendants KioSoft Technologies, LLC and Techtrex, Inc., alleging that Defendants disregarded PayRange's patent rights (for mobile payment systems for non-networked unattended retail machines) by trying to poach PayRange's customers with a copycat product and by soliciting new business with copycat products (e.g., mobile apps). PayRange's Amended Complaint [ECF No. 17] alleges that Defendants have been infringing on three patents – the so-called '833 Patent, the '608 Patent, and the '614 Patent. PayRange's Amended Complaint alleges three counts: one for each of the three patents.

On April 21, 2021, KioSoft filed a PGR Petition before the PTAB relating to U.S. Patent No. 10,719,833 (the "'833 Patent"). PGR2021-00077, Paper 1. On May 27, 2021, KioSoft filed a PGR Petition before the PTAB relating to U.S. Patent No. 10,891,608 (the "'608 Patent"). PGR2021-00084, Paper 1. On June 10, 2021, KioSoft filed a PGR Petition

before the PTAB relating to U.S. Patent No. 10,891,614 (the "'614 Patent"). PGR2021-00093, Paper 1.1.

The PGR Petitions seek to invalidate each of the three patents at issue in this action: the '833 Patent; the '608 Patent; and the '614 Patent. According to Defendants, the claims of the '833 Patent assert an abstract idea, a fact which renders the claims of the '833 Patent patent-ineligible. In addition, they argue that certain prior art renders the claims of the '833 Patent obvious and therefore invalid. Defendants further say that the claims of the '608 Patent are invalid under patent law because they lack a sufficient written description, lack definiteness, and fail to further limit the claims from which they depend, among other deficiencies.

Defendants take the position that the claims of the '614 Patent assert an abstract idea, a fact which renders the claims of the '614 Patent patent-ineligible. They also contend that the claims of the '614 Patent are not eligible under patent law because they fail to meet the written description requirement, are indefinite, and would have been obvious in the view of prior art. Defendants represent that if the PTAB finds that any one of these three patents is invalid, then that decision would render a substantial and substantive part of this case moot. *See Seismograph Serv. Corp. v. Offshore Raydist, Inc.*, 263 F.2d 5, 22 (5th Cir. 1958) (denying appeal on basis that when a patent is invalid, questions concerning the operation of the patent are moot).

On October 28, 2021, the PTAB instituted a post-grant review of all challenged claims based upon all grounds raised in the Petition challenging the '833 Patent. PGR2021-00077, Paper 8 at 2 (ECF No. 68-1). On December 16, 2021, the PTAB denied institution of a post-grant review of the '608 Patent. PGR2021-00084, Paper 12. On December 17, 2021, the PTAB instituted a post-grant review of all challenged claims based upon all grounds raised in the Petition challenging the '614 Patent. PGR2021-00093, Paper 12 at 2 (ECF No. 86-1).

Therefore, the current procedural posture is that two of the three patents at issue in this infringement lawsuit are currently being evaluated by the PTAB for invalidity.

Defendants filed a renewed motion to stay [ECF No. 109], which United States District Judge Robert N. Scola referred [ECF No. 113] to me. Judge Scola's referral Order expressly mentions 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of the Local Magistrate Judge Rules. Both the statute and the rule concern non-dispositive motions, which means Judge Scola's Order requests the Undersigned to issue an Order, not a Report and Recommendations.[1]

---

[1] *See, e.g., Thompson v. Poplin,* No. 1:18-CV-1846 , 2018 WL 6804771, at *1 (M.D. Pa. Dec. 27, 2018) (noting that "it is well-settled that: Motions to stay, … are non-dispositive and emphasizing that magistrate judges "are empowered to rule upon such matters"); *Delta Fungible Ammunition, LLC v. Sinterfire,* No. 06-1477, 2008 WL 4540394, at *1 n.1 (W.D. Pa. Oct. 7, 2008) ("[A] request for a stay of proceedings is a non-dispositive matter, subject to adjudication by a federal magistrate judge."); *see also Securities & Exchange Comm'n v. Kornman,* No. 3:04CV1803L, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006) (expedited application for stay of proceedings considered non-dispositive motion); *Livingston v. Metro. Life Ins. Co.*, No. 7:99CV0231 R, 2000 WL 422242, at *4–5 (N.D. Tex. Mar. 6, 2000)

Plaintiff filed a Response and Defendants filed a Reply [ECF Nos. 116; 124], and the Undersigned held a one-hour hearing on March 15, 2022.

**Applicable Legal Standards and Analysis**

District courts are given "broad discretion over the management of pretrial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). This Court has "broad authority to grant a stay." *See In re Application of Alves Braga,* 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011).

When PTAB review is sought, "the decision to stay related civil patent infringement litigation is within the sound discretion of the district court." *Lighting Sci. Grp. Corp. v. Nicor, Inc.*, No. 616CV1087ORL37GJK, 2017 WL 3706697, at *2 (M.D. Fla. May 9, 2017).

Review of a patent by the PTO can "eliminate trial of invalidity issues when a claim is canceled or, otherwise, to facilitate trial of remaining issues . . . ." *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1346 (S.D. Fla. 2008) (Torres, Mag. J.). "Even if only some of the claims are canceled [by the PTAB], those claims will not need to be litigated in this action, which will save the parties from

---

(motion for stay appears to be non-dispositive motion appropriately directed to magistrate judge); *cf. Pass & Seymour, Inc. v. Hubbell Inc.*, 532 F. Supp. 2d 418, 426 n.7 (N.D.N.Y. 2007) (noting general rule permitting magistrate judges to issue Orders on stay motions but opting to instead issue a report and recommendation because the stay motion was intertwined with the same issues implicated by a preliminary injunction motion).

spending more time conducting discovery, researching, and briefing the issues." *Targus Int'l LLC v. Grp. III Int'l, Inc.*, No. 20-cv-21435, 2021 WL 542675, at *2 (S.D. Fla. Jan. 8, 2021) (Scola, J.); *Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC*, No. CV 14-22659-CIV, 2015 WL 12715618, at *2 (S.D. Fla. May 11, 2015) (Scola, J.) (same).

Not only do courts, including Florida district courts, enter stays when the PTAB is evaluating a patent challenge, but they also enter them when a party merely *requests* a review by the PTAB (but before the PTAB decides whether to grant review). In fact, Judge Scola, who is presiding over this case, entered a stay in *Targus* last year when there was "pending a potential *inter partes* review[2] of the alleged infringed patent. 2021 WL 542675, at *1.

As Judge Scola explained in *Targus*, it "makes sense" for courts to have discretion to stay civil patent infringement litigation because the PTAB review "has the potential to 'eliminate trial of invalidity issues when a claim is canceled or, otherwise facilitate trial of remaining issues following PTO denial of reexamination or reissuance proceedings.'" *Id.* (quoting *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1346 (S.D. Fla. 2008)).

---

[2] *Inter partes* review is "intended to serve as 'a quick, inexpensive, and reliable alternative to district court litigation to resolve[ ] questions of patent validity.'" 2021 WL 542675, at *1. As "an alternative to litigation," it "allows a party to ask the […] PTAB 'to reexamine the claims in an already-issued patent and to cancel any claim that the agency finds to be unpatentable in light of prior art.'" *Id.*

Framed by this underlying logic highlighted by Judge Scola, courts "routinely" grant stays pending PTAB review "in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources." *Id.* (quoting *Evolutionary Intel., LLC v. Apple, Inc.*, No. 13cv04201, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014)).

Moreover, as this Court often holds, "**any** streamlining of the issues or invalidated issues will save judicial resources." *Targus Int'l*, 2021 WL 542675 at *2 (emphasis supplied); *Rothschild v. Motorola*, 2015 WL 12715618 at *2.

So long as a stay is not "immoderate" or indefinite, a stay is appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) (provided that a stay will expire within reasonable limits, it is not immoderate).

Plaintiff emphasizes that the PTAB is not reviewing all three of the patents at issue in this infringement lawsuit. While it is true that the PTAB is reviewing only two of the three patents, the Undersigned notes that (1) this is still a *majority* of the patents, and (2) courts still enter stays when not all patents are being reviewed by the PTAB because the benefits of avoiding "duplicitous litigation on potentially moot claims and issues" still exist. *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2015 WL 1396632, at *1, 4 (N.D. Ill. Mar. 25, 2015) (staying consolidated cases "in their entirety" and explaining that "the fact that the PTO is reviewing only a subset of the asserted patents, while

lessening the potential simplification of the issues, does not eliminate the benefit of a stay in order to avoid duplicitous litigation on potentially moot claims and issues").

In fact, the benefit of a stay can be so significant that appellate courts have been known to remand a case in order to grant a stay. *See, e.g., Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1371 (Fed. Cir. 2014), vacated as moot, 780 F.3d 1134 (Fed. Cir. 2015).[3] (explaining that "stays can be warranted even when a CBM proceeding does not address all asserted patents, claims, or invalidity defenses" and then reversing trial court order granting in part and denying in part a motion for stay pending post-grant review of patents and remanding for complete stay of infringement lawsuit pending a PTAB post-grant review of three subject covered business method patents). *See also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014) (reversing trial court order denying stay motion, remanding for entry of a stay, and explaining the significance of a PTAB decision to authorize review – i.e., generating grounds for a stay).

The Court looks to the three factors which courts typically consider in determining the appropriateness of a stay pending PTAB review: (1) whether the stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether the

---

[3]   As noted, the appellate case was vacated as moot, not because of a substantive reason and not because the principle concerning stays is incorrect. Courts continue to cite *Versata Software* with approval for its holding on stays of patent infringement litigation, despite the vacatur for mootness. *See e.g., Centripetal Networks, Inc. v. Palo Alto Networks, Inc.*, No. 2:21cv137, 2022 WL 610176, at *5 (E.D. Va. Mar. 1, 2022) (granting motion to stay); *Unisone Strategic IP, Inc. v. Life Techs. Corp.*, No. 13-cv-1278, 2019 WL 6840399, at *2 (S.D. Cal. Dec. 16, 2019).

stay will simplify issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Targus*, 2021 WL 542675, at *2 (citing *Roblor*, 633 F. Supp. 2d at 1347 (where the Court granted an accused infringer's motion to stay an infringement action brought by a patent holding company during the pendency of *ex parte* reexamination)). *See also JLIP, LLC v. Stratospheric Indus., Inc.*, No. 1461798CIV COHN/SELTZE, 2015 WL 11197779, at *4 (S.D. Fla. Feb. 25, 2015) (granting accused infringer's motion to stay infringement action involving three patents pending *ex parte* reexamination of **only one** of the patents in suit).

<u>*Would a Stay Unduly Prejudice Plaintiff?*</u>

Plaintiff argues that a stay would generate undue prejudice, but its contentions are largely detail-free and conclusory. The Undersigned understands and acknowledges Plaintiff's position that the parties are competitors and that a stay could lead to a loss of market share. For example, Plaintiff contends that it "has lost and is losing sales to KioSoft," but it has not provided any evidence and it has not even suggested a range of how much sales were lost.

Similarly, Plaintiff alleges that a stay "*could* irreparably harm PayRange with respect to lost customers." This prediction is speculative and wishy-washy. And, similar to its allegation about lost sales, Plaintiff does not even hint at how many customers it has lost or could reasonably expect to lose during a stay.

So, these contentions are too conclusory to justify a denial of the stay motion. *See, e.g., Southeastern Metals Mfg. Co. v. Millennium Metals, Inc.*, No. 3:11-CV-1058-J-20JBT, 2012 WL 983767, at *2 (M.D. Fla. Mar. 21, 2012) (rejecting the non-movant's argument that a stay would prejudice the non-movant because the movants "are direct competitors and will gain market share"); *see also Freedom Sci., Inc. v. GW Micro, Inc.*, No. 8:08-CV-1365-T-33TBM, 2009 WL 2423095, at *1 (M.D. Fla. July 29, 2009) (rejecting non-movant patentee's argument that it would be prejudiced simply because the parties were competitors).

Because it is relatively easy for a party opposing a stay motion to simply say that its business as a competitor will be unduly damaged, Courts scrutinize the validity of that argument by seeing if the party opposing the stay filed a motion to obtain a temporary restraining order or preliminary injunction. Filing such a motion demonstrates that the party is concerned enough about undue prejudice to seek emergency-type injunctive relief.

Conversely, a party who takes no steps to obtain injunctive relief is acting inconsistently with an argument that undue prejudice is imminent. *See, e.g., Divine Purse Co., LLC v. Shepax, Inc.*, No: 2:16–cv–291–FtM–CM, 2017 WL 960638, at *3–6 (M.D. Fla. 2017) (finding that the non-movant patentee's prejudice argument -- that a stay would allow the movant to "intrude on [non-movant's] market share" -- was "belied by the fact that [non-movant] ha[d] not moved for a preliminary injunction" and, therefore, granting

10

motion to stay infringement action while the accused infringer filed a petition for *ex parte* reexamination of the patent in suit).

As noted, Plaintiff has not filed a motion for injunctive relief. That omission undermines its position. *See Targus*, 2021 WL 542675, at *2 (noting that the patent owner "has not sought a preliminary injunction and, thus, any further harm occasioned by the stay may be ameliorated [by] money damages") (citing *Gatearm Techs., Inc. v. Access Masters, LLC*, No. 14-62697-CIV, 2015 WL 13752667, at *1 (S.D. Fla. July 13, 2015) (Scola, J.)).

Moreover, at the hearing, defense counsel explained that Plaintiff has licensed the software to others, which suggests that money damages, as opposed to injunctive relief, would be an adequate remedy for infringement.

Defendants contend that Plaintiff would not be surrendering market share if a stay were entered because Plaintiff has no market share in the first place – as "KioSoft already had before the asserted patents issued and continues to maintain substantial market share and goodwill due to factors entirely unrelated to the technology at issue." [ECF No. 109, p. 6].[4]

The Undersigned concludes that this factor favors Defendants.

---

[4] In their reply, Defendants represent that "KioSoft has been on the market far longer than Plaintiff and is the market leader." [ECF No. 124, p. 5].

*Will the Stay Lead to a Simplification of This Lawsuit Because of the PTAB's Decisions?*

The PTAB will be evaluating the validity of two of the three patents, a scenario which will provide the Court and the parties with its interpretation of the patents' respective claims. This will likely narrow the issues.

The PTO expressly determined that all of the challenged claims in the '833 and '614 Patents are more likely than not unpatentable. *See* PGR2021-00077, Paper 8 at 2 [ECF No. 68-1]; PGR2021-00077, Paper 8 at 2 [ECF No. 68-1]. A stay is therefore warranted at least because the PTAB review could dispose entirely of two of the asserted patents and 59% of the asserted claims.

Plaintiff is presently asserting 7 claims of the '833 Patent, 13 claims of the '614 Patent, and 14 claims of the '608 Patent, totaling **20** asserted claims that are subject to PTAB review compared to a total of **34** asserted claims. *See Trading Techs. Int'l*, 2015 WL 1396632 at *2 (granting stay when "the PTO instituted review on only four of the fifteen patents in issue" and "118 of the approximately 400 claims at issue").

Even if the PTAB does not invalidate all of the asserted claims of the '833 Patent and/or the '614 Patent, at a minimum, this action will be facilitated by the availability of the PTAB's expert views and, therefore, will benefit from a stay. *See Southeastern Metals*, 2012 WL 983767, at *2.

Plaintiff has admitted that "the challenged and unchallenged patents share common issues of fact and law." [ECF No. 95, p. 4]. Accordingly, the PTO's decisions regarding the '833 and '614 Patents will almost certainly provide guidance on a number of issues that are also relevant to the '608 Patent. *Trading Techs.*, 2015 WL 1396632 at *4.

Plaintiff argues that the purported benefits of a stay are illusory because, in order to obtain institution of its PGR petitions, Defendant KioSoft stipulated that it "will not pursue in this lawsuit any invalidity claim that they raised or that reasonably could have been raised in its PTAB Petition for Post-Grant Review concerning the invalidity." [ECF Nos. 36; 68]. Therefore, Plaintiff says, "there are no overlapping issues between this lawsuit and the PTAB proceedings." *Id.*

But, as Defendants note in their reply, KioSoft's inequitable conduct counterclaims still apply to all three patents equally and cannot be raised in a PGR.

Moreover, Defendants further point out, it would be a waste of the parties' and the Court's time to develop invalidity arguments concerning the '608 Patent and then have to perform duplicative discovery and a second trial on closely related, though technically independent, limitations for the '833 and '614 Patents if the PTO preserved one or more of the claims.

In the Court's view, invalidation of two-thirds of the asserted patents would mean that this Court would not need to construe 80% of the disputed claim terms, *see* [ECF No. 59, pp. 2-3], and would significantly narrow the scope of all remaining discovery,

including the depositions of all fact and expert witnesses. Indeed, invalidation of *any* challenged claims would drastically alter the scope and extent of needed expert disclosures, opinions, and testimony, and could even eliminate the need for certain witnesses entirely. *Cf. Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 769 (E.D. Pa. 2014) ("[C]ourts have found significant potential for issue simplification even in cases where some but not all of the asserted claims are subject to PTO review.").

The Undersigned deems this factor to favor a stay. *Intell. Ventures II LLC v. SunTrust Banks, Inc.*, No. 1:13-CV-02454-WSD, 2014 WL 5019911, at *2 (N.D. Ga. Oct. 7, 2014) ("Even if the PTAB concludes that some, but not all, the Patents are invalid, the scope of this case may be significantly narrowed."); *see also Targus*, 2021 WL 542675, at *2 ("Even if only some of the claims are canceled, those claims will not need to be litigated in this action, which will save the parties from spending more time conducting discovery, researching, and briefing the issues.").

### *The Status of Discovery*

The parties have engaged in written discovery and exchanged contentions, but no party or expert depositions have been taken. No claim construction hearing has been scheduled, and a defense motion to strike a claim construction expert [ECF No. 96] is still pending. In another federal court lawsuit between the parties pending in this district, the district judge recently ruled that Plaintiff's technical expert in KioSoft I—Vernon Thomas Rhyne III (who is also Plaintiff's technical expert here, *see, e.g.*, [ECF No. 73-6

14

("Declaration of Dr. V. Thomas Rhyne")]) -- "lacked the relevant expertise in the art" and held that he "is not qualified, and his unreliable expert testimony should be excluded." *PayRange Inc. v. KioSoft Techs., LLC, et al.*, Case No. 1-20-cv-20970, Order, ECF No. 268, p. 7 (S.D. Fla. Dec. 22, 2021).

This Court's resolution of the pending motion to strike could impact both the claim construction proceedings and the related expert witness discovery.

At the hearing, Plaintiff's counsel advised of his view that there is not much of a need for additional depositions because of an agreement to use depositions from another lawsuit. He represented that he planned on taking only two or three depositions, and he further noted that defense counsel has not served any deposition notices.

The Undersigned is not inclined to accept the defense argument that the discovery is still in its early stages. On the other hand, I am not prepared to accept Plaintiff's theory that the discovery is well along and that the parties have "substantially completed their respective document productions." [ECF No. 116, pp. 6-7].

Similar to Judge Scola's evaluation in *Targus*, the Undersigned finds that the discovery progression factor is either marginally in Plaintiff's favor or perhaps only neutral. Nevertheless, the mere fact that all three factors do not line up in Defendants' favor does not mean that a stay should not be entered. In *Targus*, for example, Judge Scola entered a stay when the PTAB had not yet even decided to have a review and when the discovery progression factor was neutral or in Plaintiff's favor.

15

**Plaintiff's Other Suggestions**

As an alternative to staying this case, Plaintiff suggests that the Court enter a stay limited to only the '833 and '614 Patents, leaving the case to go forward on the '608 Patent. The Undersigned does not find this suggestion attractive or an appropriate method designed to promote judicial efficiency. To the contrary, "it would be an inefficient use of judicial resources to stay only those claims in this case that relate to the [patents under review] while allowing the claims related to the [remaining] patent to move forward . . . ." *Versata Software, Inc. v. Dorado Software, Inc.*, No. 2:13-cv-00920, 2014 WL 1330652, at *3 n.2 (E.D. Cal. Mar. 27, 2014) (granting stay motion).

Plaintiff has now also suggested, as another alternate theory, that it be afforded leave to amend its Complaint to remove its claims under the '833 and '614 Patents so that it can pursue its claims here on the '608 Patent and then pursue claims on the '833 and '614 Patents in another action. But this suggestion is impractical because KioSoft has asserted counterclaims for declaratory judgments of non-infringement, invalidity, and unenforceability on the '833 and '614 Patents.

Those counterclaims would remain in the case even if Plaintiff were permitted to amend its Complaint to omit those two patents. *See Pat. Licensing & Inv. Co., LLC v. Green Jets Inc.*, No. 11-80689-CIV, 2012 WL 13019189, at *1 (S.D. Fla. May 9, 2012) (citing *Dow Jones & Co., Inc. v. Ablaise, Ltd.*, 606 F.3d 1338, 1346–50 (Fed. Cir. 2010)). Only an

"unconditional promise not to sue by one party onto another divests a trial court of subject matter jurisdiction." *Id*.

Therefore, unless Plaintiff either dismisses its infringement claims with prejudice or grants an unconditional covenant not to sue KioSoft on the '833 and '614 Patents, KioSoft's declaratory judgment claims will remain as to all three patents. *See Unwired Planet, LLC v. Google Inc*., No. 3:12-CV-00504-MMD, 2014 WL 7012499, at *4 (D. Nev. Dec. 12, 2014) (refusing to dismiss the defendant's declaratory counterclaims when the plaintiff dismissed patent infringement claims without prejudice and had not covenanted to not sue). Plaintiff cannot simply "amend its complaint to omit the '833 and '614 Patents from this action." [ECF No. 116, p. 8]. Plaintiff's latest alternative theory would not solve the dilemma and, to the contrary, would create *more* judicial inefficiency.

**Conclusion**

The Undersigned grants Defendants' renewed motion for a stay. The Court stays all proceedings in this lawsuit, and tolls all deadlines relating to this lawsuit, until the earlier of: (1) the date by which the Patent Trial and Appeal Board has ruled on both Defendants' Post Grant Review Petition relating to U.S. Patent No. 10,719,833 and Post Grant Review Petition relating to U.S. Patent No. 10,891,614, or (2) the date upon which Defendants file a motion to lift the stay.

The parties shall advise the Court, through a filing on CM/ECF, of the status of the PTAB proceedings within ten business days of a PTAB opinion resolving all issues for

both Patents. The notice shall advise the Court of the PTAB's substantive ruling and how, specifically, it impacts the lawsuit pending here.

       **DONE AND ORDERED** in Chambers, in Miami, Florida, on March 18, 2022.

                                              Jonathan Goodman
                                              UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All counsel of record