United States District Court
for the
Southern District of Florida

| | |
|---|---|
| PayRange, Inc., Plaintiff, )<br>)<br>v. )<br>)<br>KioSoft Technologies, LLC, and )<br>TechTrex, Inc., Defendants. ) | Civil Action No. 20-24342-Civ-Scola |

### Order on Objections to
### Magistrate Judge Goodman's June 16, 2023, Order

This matter is before the Court on the Defendants KioSoft Technologies, LLC and TechTrex, Inc.' (collectively, "KioSoft") objections to Magistrate Judge Goodman's June 16, 2023, order denying Kiosoft's motion for leave to file a revised claim construction brief. (Objs., ECF No. 183.) The Plaintiff PayRange Inc. filed a response to KioSoft's objections (ECF No. 184), to which KioSoft filed a reply (ECF No. 185). This Court believes its inartfully drafted scheduling order is mostly responsible for leading the magistrate judge astray. After careful consideration of the parties' written submissions, the record, and the relevant legal authorities, and with apologies to the magistrate judge, the Court **sustains** KioSoft's objections (**Objs., ECF No. 183**), and **grants** its motion for leave to file a revised claim construction brief (**Mot., ECF No. 171**).

1. **Background**

This action originates from KioSoft's alleged infringement of PayRange's patents, namely, United States Patent Nos. 10,719,833; 10,891,608; and 10,891,614 (the "'833 Patent," "'608 Patent," and "'614 Patent" respectively). (Second Am. Compl. ¶ 3, ECF No. 142.) PayRange alleges that KioSoft has infringed on its patent rights in mobile payment systems for non-networked unattended retail machines by making and selling kiosks with built-in mobile payment functionalities. (*Id.* ¶¶ 15–17, 24.)

In April, May, and June of 2021, KioSoft filed Post Grant Review ("PGR") Petitions before the Patent Trial and Appeal Board ("PTAB") relating to the '833 Patent, '608 Patent, and '614 Patent, respectively. (ECF No. 89.) The PGR Petitions seek to invalidate each of the three patents at issue in this action. On March 18, 2022, the Court stayed the case pending the outcome of the PGR petitions. (ECF No. 128.) In late December 2022 and January 2023, the parties notified the Court that the PTAB had issued various substantive rulings and submitted a joint proposed revised scheduling order lifting the stay in this

matter. (ECF Nos. 137, 138, 140.) The Court lifted the stay and entered an amended scheduling order. (ECF No. 140.)

Although the parties had each filed their claim constructions briefs before the case was stayed (*see* ECF Nos. 73, 75, 82, 108), the amended scheduling order provided for April 14, 2023, as the "[d]eadline for any party claiming patent infringement to move [to] file a revised opening claim construction brief," while specifying that "simultaneous opening briefs are not permitted" and "[r]esponse and reply deadlines w[ould] proceed as provided for in the Local Rules." (ECF No. 140.) April 14, 2023, came around and PayRange, the only party claiming patent infringement, did not request leave to file a revised opening brief. However, on April 28, 2023, KioSoft filed its own motion for leave to file a revised claim construction brief. (ECF No. 171.) Because the Court had previously referred the parties' claim construction briefing to Judge Goodman for a report and recommendations (ECF No. 107), it also referred KioSoft's motion for leave to file a revised claim construction brief to Judge Goodman (ECF No. 172). On June 16, 2023, Judge Goodman denied KioSoft's motion for leave to file a revised claim construction brief. (ECF No. 178.) The instant order addresses KioSoft's objections to that denial.

### 2. Legal Standard

A party may appeal a magistrate judge's ruling to the district court pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(c)(1). "When a party objects to a magistrate's non-dispositive order, the district court must consider those 'objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Traylor v. Howard*, 433 F. App'x 835, 836 (11th Cir. 2011) (quoting Fed. R. Civ. P. 72(a)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2012 U.S. Dist. LEXIS 59633, 2012 WL 1440894, at *1 (S.D. Fla. Apr. 4, 2012) (Seitz, J.) (citation omitted). A magistrate judge's ruling is deemed "clearly erroneous" only when the district court "is left with the definite and firm conviction that a mistake has been committed." *See Salazar v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 140872, 2011 WL 379145, at *3 (S.D. Fla. Feb. 2, 2011) (Lenard, J.) (citation omitted). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). The district court may not undo the magistrate judge's determination "simply because it is convinced that it would have decided the case differently." *See id.* at 1351. "This standard has been described as 'a very difficult one to meet.'" *Thornton v. Mercantile Stores Co.*, 180 F.R.D. 437, 439 (M.D. Ala. 1998) (De Ment, J.).

### 3. Analysis

Judge Goodman denied KioSoft's motion for leave to file a revised claim construction brief by relying on the language of the Court's amended scheduling order. Because the scheduling order set April 14, 2023, as the deadline for "any **party claiming patent infringement** to [ ] file a revised opening claim construction brief (simultaneous opening briefs are not permitted)," and PayRange, the only party claiming patent infringement, chose not to file a revised opening brief, Judge Goodman concluded that KioSoft was precluded from filing a brief itself. (*See* Order 4, ECF No. 178.) "[I]t is illogical and unnecessary," Judge Goodman reasoned, "to allow a party to respond to something that was never filed." (*Id.*) Moreover, Judge Goodman explained that, even if the scheduling order could be interpreted to allow KioSoft to file an opening brief itself, because it waited until April 28, 2023, to file its motion, KioSoft's request was untimely. Though the Court now realizes that the language of the amended scheduling order is not entirely clear, it ultimately cannot agree with Judge Goodman's conclusion.

The Court's amended scheduling order was not intended to preclude KioSoft from raising claim construction disputes independent of PayRange. The amended scheduling order was modeled on the Court's initial scheduling order, which provided a "[d]eadline for any party claiming patent infringement to file opening claim construction brief" with the expectation that the defending party would present its position on claim construction in a "[r]esponse." (*See, e.g.*, ECF No. 30.) Many courts allow parties in patent cases to file simultaneous opening briefs. *See, e.g.*, *Automatic Equip. Mfg. Co. v. Danko Mfg.*, No. 8:19-CV-162, 2020 U.S. Dist. LEXIS 47350, at *2 (D. Neb. Mar. 12, 2020) ("[T]he parties filed simultaneous opening claim construction briefs on January 24, 2020."); *Source Search Techs., LLC v. Kayak Software Corp.*, Civil Action No. 11-3388 (FSH), 2014 U.S. Dist. LEXIS 1008, at *3-4 (D.N.J. Jan. 6, 2014) (same). As indicated in its initial order, this Court has chosen to require staggered submissions instead to promote clarity and efficiency. (*See* ECF No. 4.) However, this procedural decision was never intended to allow a plaintiff to unilaterally control the claim construction process. Thus, the language in the Court's amended scheduling order setting the "[d]eadline for any party claiming patent infringement to move [to] file a revised opening claim construction brief (simultaneous opening briefs are not permitted)" was meant to mirror that in the Court's initial scheduling orders, and not to circumscribe KioSoft to PayRange's decision on whether to file a revised opening brief.

In light of the admittedly unclear nature of the language in the amended scheduling order, and its specification that "simultaneous opening briefs are not permitted," KioSoft's decision to wait until April 28, 2023—the deadline for it to "respond" had PayRange filed its own opening brief—is understandable. Indeed, KioSoft informed PayRange and the Court of its intention to submit revised proposed claim constructions at least as of April 14, 2023, when the parties filed their amended joint claim construction and prehearing statement. (*See* ECF No. 170.) In the statement, PayRange acknowledged that KioSoft "ha[d] proposed additional terms for claim construction." (*Id.* at 2). In addition, KioSoft has explained that it "provided those proposed revised claim constructions to [PayRange] two weeks prior to [PayRange's] deadline to move to file a revised claim construction brief[.]" (Mot. 3, ECF No. 171.) Moreover, the Court notes that the stay in this case was lifted pursuant to the parties' submission of a joint proposed revised scheduling order, which specifically contemplated the parties "exchanging[ing] revised opening claim construction briefs." (*See* ECF No. 140.) And, while not dispositive of the parties' obligations pursuant to the scheduling order subsequently entered, their joint submission clearly indicates that neither party expected KioSoft's ability to seek revised claim construction to depend on whether PayRange sought it first. Thus, for all these reasons, the Court will not penalize KioSoft for requesting leave to file a revised claim construction brief on April 28, 2023.

Having settled that KioSoft should not be precluded from moving for leave to file a revised claim construction brief merely because it waited until the response deadline contemplated in the amended scheduling order to do so, the Court turns to the merits of KioSoft's request for additional briefing. KioSoft essentially argues that additional claim construction briefing is required because the intervening PTAB proceedings have shed light on its positions with regard to the meanings of disputed claim terms, and, as such, the parties' April 14, 2023, joint claim construction and prehearing statement identified multiple new disputes regarding the proper scope of claim terms. (*See* ECF No. 171; ECF No. 175.) PayRange counters the KioSoft presents no valid basis for seeking leave to amend the previously submitted claim construction briefing, as the parties already addressed most of the disputed terms in earlier briefing, and the Court need not construe all disputed claim terms. (ECF No. 174.) The Court does not agree with PayRange.

Preliminarily, the Court acknowledges that a thorough comparison of the parties' initial and revised joint claim construction and prehearing statements reveals that PayRange is correct in pointing out that the parties have previously addressed the majority of the claim terms raised in KioSoft's revised claim construction brief. Moreover, although KioSoft mentions that the PTAB

proceedings played a significant role in shedding light on newly disputed claim terms, it fails to explain why in concrete terms. Indeed, the Court's review of KioSoft's amended statement of preliminary claim constructions and extrinsic evidence (ECF No. 170-2), as well as of its proposed revised claim construction brief (ECF No. 171-2) discloses that neither the PTAB proceedings, nor any evidence arising therefrom play important roles in KioSoft's proposed amended submissions. Thus, this suggests that KioSoft may indeed be exaggerating the significance of the PTAB proceedings in its efforts to seek a redo of its claim construction briefing.

That being said, regardless of how much overlap there is between the claim terms previously addressed by the parties and those raised in KioSoft's revised brief, the fact remains that KioSoft has now proposed additional and modified terms for claim construction. As just one example, KioSoft now argues that the term "status," as it appears in the '614 patent, requires a particular construction that PayRange disagrees with, and the parties did not address this term previously. (*Compare* Joint State. 2–3, ECF No. 59, *with* Am. Joint State. 4, ECF No. 170.) And PayRange is incorrect that the Court need not construe all disputed claim terms. As explained by the Court of Appeals for the Federal Circuit, "parties in patent cases frequently stipulate to a construction or the court construes a term, only to have their dispute evolve to a point where they realize that a further construction is necessary[,]" and "when a determinative claim construction dispute arises, a district court must resolve it." *TNS Media Research, LLC v. Tivo Research & Analytics, Inc.*, 629 F. App'x 916, 938 (Fed. Cir. 2015) (cleaned up); *see also O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."). In *TNS Media Research, LLC*, for example, the parties agreed on the construction of a term during claim construction, only to find at summary judgment that they were not actually on the same page as to whether they agreed on the construction of the term. *Id.* at 938. The Federal Circuit found it was error for the district court to decide the issue without affording the parties an opportunity to present their claim construction arguments. *Id.* at 939.

Here, it appears to the Court that KioSoft has raised various issues not previously addressed in the parties' initial claim construction briefing. Accordingly, in an abundance of causation, and to be in the best position to address those issues, including their ultimate significance to the claims in dispute, the Court deems is appropriate to grant KioSoft's motion for leave to file a revised claim construction brief. *See, e.g., Finjan, Inc. v. Symantec Corp.*, No. 14-cv-02998-HSG, 2016 U.S. Dist. LEXIS 153584, at *3 (N.D. Cal. Nov. 4,

2016) (granting defendant's motion for an order allowing the parties to submit additional claim construction briefing and scheduling another Markman hearing following the court's decision to lift litigation stay that had been instituted pending a decision by the PTAB). In so doing, the Court also notes that the parties' initial briefing is close to two years old at this point and that, as touched on above, PayRange will not be prejudiced by KioSoft filing a revised brief. In particular, not only has PayRange been aware, for some time now, of KioSoft's intention to move to file a revised brief, but the Court will also allow it an opportunity to file its own revised claim construction brief in response.

### 4. Conclusion

For the reasons explained above, KioSoft's objections to Judge Goodman's June 16, 2023, order are **sustained** (**Objs., ECF No. 183**), and its motion for leave to file a revised claim construction brief is **granted** (**Mot., ECF No. 171**). KioSoft must separately refile its revised claim construction brief by **September 1, 2023**. PayRange has up to and including **September 15, 2023**, to file a response brief.

**Done and ordered** at Miami, Florida, on August 30, 2023.

_____
Robert N. Scola, Jr.
United States District Judge