United States District Court
for the
Southern District of Florida

| | |
|---|---|
| PayRange, Inc., Plaintiff, )<br>)<br>v. )<br>)<br>KioSoft Technologies, LLC, and )<br>TechTrex, Inc., Defendants. ) | Civil Action No. 20-24342-Civ-Scola |

### Order Denying Motion for Leave to Serve Supplemental Invalidity Contentions

This matter is before the Court on the Defendants KioSoft Technologies, LLC and TechTrex, Inc.'s (collectively, "KioSoft") motion for leave to serve supplemental invalidity contentions. (Mot., ECF No. 212.) The Plaintiff PayRange, Inc. ("PayRange") has responded opposing the motion (Resp., ECF No. 215), and KioSoft has replied (Reply, ECF No. 218). After careful consideration of the parties' written submissions, the record, and the relevant legal authorities, the Court **denies** KioSoft's motion for leave to serve supplemental invalidity contentions. (**Mot., ECF No. 212**.)

### 1. Background

In this action, PayRange alleges that KioSoft has infringed on its patent rights in mobile payment systems for non-networked unattended retail machines by making and selling kiosks with built-in mobile payment functionalities. (Second Am. Compl. ¶¶ 15–17, 24, ECF No. 142.) PayRange initiated the action in October 2020. On March 18, 2022, the Court stayed the case pending the outcome of Post Grant Review Petitions filed by KioSoft before the Patent Trial and Appeal Board. Following agreement by the parties, on January 23, 2023, the Court lifted the stay and entered an amended scheduling order. (ECF No. 141.)

As relevant here, the amended scheduling order reopening the case set February 28, 2023, as the deadline for the party asserting invalidity or unenforceability to serve non-infringement, unenforceability, and invalidity contentions and to make accompanying document production. (*Id.*) As the defending party, KioSoft had initially served PayRange with its invalidity contentions on June 1, 2021. However, in accordance with the Court's amended scheduling order lifting the stay, KioSoft served PayRange with amended invalidity contentions on February 28, 2023. (*See* Mot. 1, ECF No. 212.) And, on March 10, 2023, the Court granted KioSoft leave to amend its

amended invalidity contentions to correct KioSoft's inadvertent error in omitting an invalidity ground. (ECF No. 151.)

In addition, the amended scheduling order reopening the case set July 14, 2023, as the deadline to complete fact discovery. (*Id.*) Thereafter, however, the parties agreed to various extensions of certain deadlines pending the completion of discovery. Thus, the deadline to complete fact discovery became September 20, 2023, the deadline to disclose expert witnesses and to exchange expert witness summaries/reports became October 27, 2023, and the deadline to complete expert discovery became January 5, 2024. (ECF Nos. 188, 202, 210, 232.)

On October 27, 2023—approximately eight months after the deadline to serve non-infringement, unenforceability, and invalidity contentions, and one month after the close of fact discovery—KioSoft filed the motion for leave to supplement that is the subject of the instant order. For the reasons explained below, the Court agrees with PayRange that KioSoft has not shown the requisite good cause to supplement its invalidity contentions at this time, and that, even if KioSoft had met its burden in that regard, PayRange would be unduly prejudiced by such a late amendment.

### 2. Legal Standard

The parties agree that the analysis of KioSoft's request to serve supplemental invalidity contentions begins with the local patent rules promulgated by the Court to govern the proceedings in this case. (*See* Patent Rules, ECF No. 4.) These rules "seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (applying local patent rules in the Northern District of California).[1]

Patent Rule 3-6 provides that "Amendment of the Infringement Contentions or the Invalidity Contentions may be made only with leave of the Court upon a timely showing of good cause." (*Id.* at 10.) Patent Rule 3-6 also provides several, "[n]on-exhaustive examples of circumstances that may, in the absence of undue prejudice to the non-moving party, support a finding of good cause[,]" including:

> (a) A claim construction by the Court different from that proposed by the party seeking amendment;

---

[1] Because the Court's "Patent Rules are taken largely from the Local Patent Rules in the Northern District of California and the Northern District of Illinois" (*see* Patent Rules 5 n, 1, ECF No. 4), case law interpreting those rules is instructive here, in applying the Court's Patent Rules to KioSoft's request.

>    (b) Recent discovery of material, prior art despite earlier diligent search; and
>    (c) Recent discovery of nonpublic information about the Accused Instrumentality that was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

(*Id.* at 10–11.)

"Good cause 'requires a showing of diligence.'" *Uniloc USA, Inc. v. Apple, Inc.*, No. 19-cv-01692-EJD (VKD), 2020 U.S. Dist. LEXIS 103305, at *4, 2020 WL 3128908, at *1 (N.D. Cal. June 12, 2020) (quoting *O2 Micro Int'l Ltd.*, 467 F.3d at 1366). "Whether a party has been diligent requires a two-step inquiry: '(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered.'" *Monolithic Power Sys. v. Silergy Corp.*, No. 14-1745-VC (KAW), 2015 U.S. Dist. LEXIS 123825, at *6, 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015) (quoting *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 U.S. Dist. LEXIS 11271, at *8, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013)). "In considering the party's diligence, the critical question is whether the party 'could have discovered [the new information] earlier had it acted with the requisite diligence.'" *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 U.S. Dist. LEXIS 163739, at *14, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012) (quoting *Google, Inc. v. Netlist, Inc.*, Case No. 08-4144 SBA, 2010 U.S. Dist. LEXIS 144392, at *7, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010)). Here, "[t]he burden is on" KioSoft, as "the movant[,] to establish diligence rather than on [PayRange] to establish a lack of diligence." *See O2 Micro Int'l Ltd.*, 467 F.3d at 1366.

"If the court determines that the moving party was not diligent, the inquiry may end there." *Uniloc USA, Inc. v. Apple, Inc.*, No. 19-cv-01692-EJD (VKD), 2020 U.S. Dist. LEXIS 103305, at *4, 2020 WL 3128908, at *1 (N.D. Cal. June 12, 2020) (quoting *Twilio, Inc. v. Telesign Corp.*, No. 16-cv-06925-LHK (SVK), 2017 U.S. Dist. LEXIS 132678, at *6, 2017 WL 3581186, at *2 (N.D. Cal. Aug. 18, 2018)); *see also O2 Micro*, 467 F.3d at 1368 (affirming the district court's decision refusing leave to amend upon finding the moving party was not diligent, without considering the question of prejudice to the non-moving party).

### 3. Analysis

In its motion, KioSoft requests leave to supplement the invalidity contentions served on PayRange in February and March of this year to add invalidity defenses based on eight, previously undisclosed, prior art references. (Mot. 1–2, ECF No. 212.) KioSoft explains that the new invalidity contentions

are based on the findings of its technical expert, Michael Davies. (*Id.*) KioSoft engaged Mr. Davies on March 29, 2023, "to search for, identify, and analyze prior art and evidence related to the patents-in-suit." (Defs.' Brief 6, ECF No. 225.) Per KioSoft, since retaining Mr. Davies, it "has been working diligently with respect to its discovery efforts[.]" (Mot. 2, ECF No. 212.) Specifically, "[s]ince April 2023, KioSoft has served subpoenas on Apple, Inc., PayPal Holdings, Inc., Morgan Lewis and Bockius LLP, Douglas J. Crisman, Philip Emma, Glenn Butler, Chau M. Doan, Lori Salow Marshall, Eran Hollander, Allen Stanwix, and Edward Matunas." (*Id.*) Thus, KioSoft explains, the additional invalidity defenses "rely[] on materials discovered as a result of KioSoft's diligent efforts in discovery and references discovered by Mr. Davies." (*Id.*)

In its response opposing KioSoft's motion for leave to serve, PayRange argues that KioSoft has not demonstrated good cause to serve supplemental invalidity contentions because KioSoft fails to establish it acted diligently either in discovering the materials at issue earlier or in seeking to amend its invalidity contentions once those materials had been discovered. (Resp. 1–3, ECF No. 215.) In addition, PayRange argues that, even if KioSoft had shown it acted with the requisite diligence, KioSoft should still be denied leave to amend because PayRange would be prejudiced by such delayed disclosure of new proposed invalidity theories. (*Id.* 4–5.) Specifically, PayRange points out that KioSoft's new proposed invalidity theories were served for the first time on October 27, 2023, which was over a month after the close of fact discovery, and allowed only a month for PayRange's own expert to develop and provide rebuttal opinions. (*Id.*) The Court agrees with PayRange on all these points.

First, KioSoft has not met its burden, as the moving party, of showing that it acted with diligence in discovering the eight prior art references with which it now seeks to supplement its invalidity contentions. Again, "the critical question is whether the party 'could have discovered [the new information] earlier had it acted with the requisite diligence.'" *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 U.S. Dist. LEXIS 163739, at *14, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012) (quoting *Google, Inc. v. Netlist, Inc.*, Case No. 08-4144 SBA, 2010 U.S. Dist. LEXIS 144392, at *7, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010)). And here, KioSoft makes no effort to argue why it could not have discovered these eight prior art references earlier. In its briefing, KioSoft addresses the issue of diligence largely in a conclusory manner, relying primarily on the hiring of Mr. Davies as the reason why its new invalidity contentions were discovered when they were. For example, KioSoft asserts that since its "engagement of Mr. Davies, KioSoft has been working diligently with respect to its discovery efforts, which efforts caused KioSoft to

serve multiple third-party subpoenas for documents and testimony during the fact discovery period." (Mot., ECF No. 212.) However, KioSoft provides no explanation as to why it could not have discovered the relevant materials through means other than Mr. Davies, why it could not have retained Mr. Davies himself earlier (instead of waiting a month after the deadline to serve invalidity contentions to do so), or why, even after it retained Mr. Davies, it took another seven months to discover the materials at issue.

Second, even if KioSoft had shown that it could not have discovered the new invalidity contentions earlier, it also fails to meet its burden of showing diligence in seeking amendment once those invalidity contentions were discovered. Indeed, it is impossible for the Court to determine whether KioSoft was diligent in seeking amendment because its briefing fails to disclose exactly *when* each of the eight prior art references forming the basis of the new contentions were discovered. The only specific information KioSoft provides touching on when these references were discovered is that "[t]he BYNDL declaration confirming how the BYNDL prior-art system worked in 2013 was completed and signed on October 18, 2023[.]" (Reply 3, ECF No. 218.) However, this says nothing regarding when KioSoft first learned that the BYNDL system could form as a basis for its invalidity contentions, and it certainly says nothing about when KioSoft first learned of the seven other prior art references on which it relies in seeking to amend its contentions.

Moreover, while KioSoft, in the supplemental briefing ordered by the Court, provides a dated list of the discovery efforts it engaged in after the stay was lifted in this case, that list, again, says nothing about when KioSoft discovered the materials at issue. (Defs.' Brief 6–7, ECF No. 225.) And KioSoft's assertion that "[i]t was not until **after** fact discovery that KioSoft—in consultation with its expert—could accurately evaluate and articulate its invalidity theories and disclose them to Plaintiff" is not compelling because it is not supported by any concrete facts as to why this is so. (*Id.* at 7 (emphasis in original).) At a minimum, KioSoft could have sought amendment on a rolling basis, as each new prior art reference was discovered, or, alternatively, it could have alerted PayRange that it would seek amendment by, for example, seeking an extension of time in which to do so.

Finally, having determined that KioSoft has failed to meet its burden of showing diligence, the Court need not reach the question of whether PayRange would be prejudiced by such a late amendment to KioSoft's invalidity contentions. Here too, however, the Court must find in favor of PayRange. "Prejudice is typically found when amending contentions stand[s] to disrupt the case schedule or other court orders." *Uniloc USA, Inc. v. Apple, Inc.*, No. 19-cv-01692-EJD (VKD), 2020 U.S. Dist. LEXIS 103305, at *7, 2020 WL 3128908, at

* 2 (N.D. Cal. June 12, 2020) (quoting *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2016 U.S. Dist. LEXIS 63649, at *10, 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016)). As noted above, KioSoft disclosed its new proposed invalidity theories for the first time in Mr. Davies's opening technical report, which was served on October 27, 2023. This was over one month after the deadline to complete fact discovery had ended, so that PayRange was precluded from pursuing discovery as to the sources of the prior art without also disrupting the case schedule. Because KioSoft's new invalidity theories were disclosed in Mr. Davies's expert report, PayRange's only option was to respond to these new theories in the limited timeframe allowed for it to produce its own expert's rebuttal report, whereas PayRange's expert otherwise may have had months to consider and address KioSoft's invalidity theories. Thus, notwithstanding KioSoft's assertion to the contrary, PayRange would be prejudiced by such delayed supplementation of KioSoft's invalidity contentions.

In short, KioSoft has not met the requirements of Patent Rule 3-6 because it has not made a timely showing of good cause to amend its invalidity contentions and has not demonstrated that PayRange would not be unduly prejudiced by the same.

### 4. Conclusion

Accordingly, for the reasons stated above, the Court **denies** KioSoft's motion for leave to serve supplemental invalidity contentions. (**Mot., ECF No. 212**.)

**Done and ordered**, at Miami, Florida, on January 21, 2024.

Robert N. Scola, Jr.
United States District Judge