UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:20-cv-24342-RNS

| | |
|---|---|
| PAYRANGE, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KIOSOFT TECHNOLOGIES, LLC and | ) |
| TECHTREX, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE**
**DOCUMENTS UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rule 5.4(b), Defendants KioSoft Technologies, LLC, and TechTrex, Inc. ("KioSoft") move for leave to file certain materials under seal for the Court's consideration in connection with KioSoft's forthcoming Motion for Partial Summary Judgment and Motion to Exclude Testimony. KioSoft respectfully submits that good cause exists to maintain the below-referenced materials under seal and, in support thereof, states as follows:

**INTRODUCTION**

KioSoft plans to file a motion for partial summary judgment by the deadline for filing of all dispositive motions and *Daubert* motions as set by this Court's Sixth Amended Scheduling Order. ECF No. 232. KioSoft respectfully requests that the Court permit Defendants to file the following documents ("Documents") under seal:

- Plaintiff's Amended Initial Infringement Contentions ("Infringement Contentions") concerning the patents-in-suit

1

- KioSoft's Revised Amended Initial Noninfringement Invalidity, and Unenforceability Contentions, marked Highly Confidential Information Subject to Protective Order
- Excerpts of the Opening Infringement Report of Plaintiff's technical expert, Dr, Jeffrey Miller, marked Highly Confidential-Subject to Protective Order
- Excerpts of Dr. Jeffrey Miller's Rebuttal Expert Report, marked Highly Confidential, Subject to Protective Order
- Excerpts of the 10/08/2020 Deposition of Charles E. Lee
- Excerpts of the 01/04/2021 Deposition of Charles E. Lee, marked Confidential-Attorneys' Eyes Only
- Excerpts of the 08/18/2023 Deposition of Charles E. Lee, marked Confidential-Attorneys' Eyes Only
- Excerpts of the 12/30/2020 Deposition of Zakir Mohiuddin, marked Attorneys' Eyes Only
- Excerpts of the 07/07/2023 Deposition of Zakir Mohiuddin, marked Highly Confidential-Attorneys' Eyes Only
- Declaration by Zakir Mohiuddin, marked Highly Confidential-Attorneys' Eyes Only
- Excerpts of the Rebuttal Report of KioSoft's technical expert Michael Davies, marked Highly Confidential-Attorneys' Eyes Only
- Excerpts of Michael Davies's Opening Report, marked Highly Confidential-Attorneys' Eyes Only
- Excerpts of Brett L. Reed's 10/27/2023 Expert Report, marked Attorneys' Eyes Only
- Excerpts of the 10/28/2020 Deposition of Lawrence Paul Hauser, marked Attorneys' Eyes Only
- Excerpts of the 01/20/2021 Deposition of Neil MacLellan
- Excerpts of the 03/04/2021 Deposition of Taylor Doggett, marked Confidential-Attorneys' Eyes Only
- Excerpts of the 09/28/2023 Deposition of Sugath Warnakulasuriya, marked Confidential Attorneys' Eyes Only

- Exhibit B to Ivan T. Hoffman's 12/01/2023 Expert Report
- Excerpts of the 12/15/2023 Deposition of Brett L. Reed
- Exhibit 24 to the 08/18/2023 Deposition of Charles Lee (TT005485-TT005525), marked Confidential Attorneys' Eyes Only
- Exhibit 3 to the 01/08/2021 Deposition of Paresh K. Patel (PR0243791), marked Attorneys' Eyes Only
- PR0150103, marked Attorneys' Eyes Only
- Excerpts of the 01/05/2024 Deposition of Jeffrey Miller, Ph.D.
- PRII010020, marked Highly Confidential-Attorneys' Eyes Only
- Excerpts of the 01/28/2021 Deposition of Michael Kitchen
- PRII022890-PRII0022934, marked Highly Confidential–Attorneys' Eyes Only
- PR0178979-Attorneys' Eyes Only

## RELEVANT LEGAL STANDARD

In accordance with the law of the Eleventh Circuit, a movant must show "good cause to overcome the presumption of public access to the motions and attendant exhibits." *PayRange, Inc. v. KioSoft Technologies, LLC, et al.*, Omnibus Order on Motions to Seal, S.D. Fl. Case No. 20-cv-20970 (S.D. Fla. Aug. 13, 2021) (granting motion to seal materials including and related to the Documents, citing *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). "When determining whether good cause to seal exists, a district court must first look to 'the nature and the character of the information in question.'" *Wi-LAN USA, Inc. v. Telefonaktiebolaget TM Ericsson and Ericsson Inc.*, No. 12-23569-CV, 2015 WL 12976849, at *2 (S.D. Fla. Apr. 17, 2015) (granting in part defendants' motion to seal documents in support of defendants' motion for summary judgment) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001)). When balancing the public's common-law right to access judicial records against a party's interest in keeping the information confidential, courts consider, among other factors, "(1) whether allowing access

3

would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, and (6) the availability of a less onerous alternative to sealing the documents." *PayRange, Inc.,* ECF No. 216 at *3 (internal quotations and citations omitted).

## GOOD CAUSE EXISTS TO SEAL THE DOCUMENTS

Good cause exists to seal the Documents. The Documents contain proprietary technical information, financial information, and trade secrets that are fundamental to KioSoft's business (*e.g.,* source code, operational processes, hardware, costs, profit, number of products in the market, etc.). KioSoft would be irreparably harmed if the public were to learn the technical and financial information contained in the Documents. For example, the Declaration by Zakir Mohiuddin is marked "Highly Confidential-Attorney's Eyes Only" and includes statements relating directly to the processes and steps by which KioSoft's products operate and execute instructions. KioSoft differentiates its products from its competitors using these very processes and steps. Accordingly, KioSoft believes that these processes and steps provide KioSoft a competitive advantage in the marketplace.

In addition, KioSoft's Revised Amended Initial Noninfringement Invalidity, and Unenforceability Contentions consist of nearly 70 pages of technical arguments. Like the Declaration by Zakir Mohiuddin, these arguments include specific examples of how KioSoft's products operate and the way in which the operation differs from its competitors' products. Even with redactions, KioSoft's competitors may be able to piece together the missing operational elements to "reverse-engineer" and build their own versions of KioSoft's products. Accordingly, allowing the public to review the Documents would undermine valuable core intellectual property that KioSoft has invested an exceptional amount of time and money to develop.

4869-0122-4862.1

This Court previously granted a similar motion by KioSoft to file documents under seal in this action. *See PayRange, Inc.,* ECF No. 252. Consistent with that decision, KioSoft respectfully requests that Court allow KioSoft to file the Documents under seal because the Documents contain proprietary material that is critical and confidential to KioSoft's business.

## CONCLUSION

Based on the foregoing, KioSoft respectfully requests that the Court grant KioSoft's request to file the Documents under seal and maintain these materials under seal for the duration of this case. A Proposed Order is attached.

## Certificate of Compliance with Local Rule 7.1

Pursuant to Local Rule 7.1(a)(3), Defendants sought Plaintiff's consent to the foregoing motion and the relief requested through a call to Plaintiff's counsel on January 25, 2024. Plaintiff's counsel responded that Plaintiff does not oppose Defendant's motion.

Dated: January 25, 2024                                   Respectfully submitted,

s/ John A. Camp
John A. Camp                                              Thomas Rammer, pro hac vice
Florida Bar Number 848115                                 Ice Miller LLP
McCarter & English, LLP                                   200 W. Madison Street, Suite 3500
121 Alhambra Plaza, Suite 1000                            Chicago, IL 60606
Coral Gables, FL 33134                                    Phone:  312-705-6016
Phone:  305-588-5718                                      Tom.Rammer@icemiller.com
jcamp@mccarter.com

                                                          Simone Park, pro hac vice
Holiday W. Banta, pro hac vice                            Ice Miller LLP
Ice Miller LLP                                            2900 Broadway, Suite 2900
One American Square, Suite 2900                           New York, NY 10036
Indianapolis, IN 46282                                    Phone:  212-835-6302
Phone:  317-236-5882                                      Simone.Park@icemiller.com
H.Banta@icemiller.com

                                                          Candice Reder, pro hac vice
T. Earl LeVere, pro hac vice                              Ice Miller LLP
Ice Miller LLP                                            250 West Street Suite 700
250 West Street, Suite 700                                Columbus, OH 43215
Columbus, OH 43215                                        Phone:  614-462-1117
Phone:  614-462-1095                                      Candice.Reder@icemiller.com
Earl.LeVere@icemiller.com

                                                          Aleksas D. Siliunas, pro hac vice
                                                          Ice Miller LLP
                                                          200 W. Madison Street, Suite 3500
                                                          Chicago, IL 60606
                                                          Phone: 312-726-8174
                                                          Alek.Siliunas@icemiller.com

                                                          Attorneys for Defendants KioSoft Technologies,
                                                          LLC and TechTrex, Inc.

4869-0122-4862.1

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 25, 2024, I electronically filed the foregoing Defendants' Unopposed Motion for Leave to File Documents Under Seal and Incorporated Memorandum of Law with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ John A. Camp*
John A. Camp

**SERVICE LIST**

*PayRange Inc. v. KioSoft Technologies, LLC and TechTrex, Inc.*
Case No.:  1:20-cv-24342-RNS
United States District Court, Southern District of Florida

| | |
|---|---|
| Joseph R. Englander<br>FOWLER WHITE BURNETT<br>1395 Brickell Avenue, 14th Floor<br>Miami, Florida 33131<br>Telephone: (305) 789-9259<br>Facsimile: (305) 728-7559<br>Email:  jenglander@fowler-white.com<br><br>*Counsel for Plaintiff PayRange Inc.*<br><br>**VIA CM/ECF** | James C. Yoon (PHV)<br>Ryan R. Smith (PHV)<br>Jamie Y. Otto (PHV)<br>Neil N. Desai (PHV)<br>Christopher D. Mays (PHV)<br>George Edward Powell, III (PHV)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: jyoon@wsgr.com, rsmith@wsgr.com, jotto@wsgr.com, ndesai@wsgr.com, cmays@wsgr.com, epowell@wsgr.com<br><br>*Counsel for Plaintiff PayRange Inc.*<br><br>**VIA CM/ECF** |